IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MELVIN FAGAN, # 08072-027,**

        Petitioner,

  vs.                                               Case No. 13-cv-556-DRH

**J.S. WALTON,**

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The petition was filed on June 13, 2013, and claims that petitioner suffered a taking of his property without being afforded due process. Specifically, he was found guilty of a disciplinary infraction (code 328 – receiving money without authorization, from another inmate) in October 2012 (Doc. 1, pp. 1, 5). As a result, the respondent warden made a "discretionary decision" to encumber petitioner's inmate trust fund account in the amount of $1,377.11, as an "additional sanction" for the disciplinary violation (Doc. 1, pp. 12). He was told that the funds would be returned to him upon his release from incarceration, projected to be in 2019, but he would not have access to the money in the meantime. This encumbrance of the funds was done without any due process hearing. Respondent explained that no hearing was necessary because his

property was not being confiscated (Doc. 1, pp. 2, 5, 14). Petitioner brings this action seeking release of the funds, claiming his constitutional rights to procedural due process have been violated by respondent's action.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

This Court is obligated to independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route only "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Clearly, the instant pleading makes no claim that petitioner is entitled to

any change in his custody level. Instead, he seeks redress for what he perceives is a violation of his constitutional rights by a person acting under the color of federal authority. Such a challenge lies squarely within the realm of an action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See also Graham*, 922 F.2d at 381(if prisoner is challenging the conditions rather than the fact of confinement, his remedy is under civil rights law); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast petitioner's action here, because he would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner would be responsible for paying a much higher filing fee of $350.00 ($400.00 if he is denied leave to proceed *in forma pauperis* or "IFP").[1] Therefore, the Court will not re-characterize the instant habeas petition as a civil rights complaint.

The Court also notes that cases found on the electronic docket of the

---

[1] As of May 1, 2013, the Judicial Conference of the United States added a new $50.00 administrative fee to all civil actions (excluding habeas actions) filed on or after that date. This fee does not apply to persons granted IFP status, thus the filing fee remains $350.00 when a motion to proceed IFP is approved. However, if IFP status is denied, the plaintiff will be assessed the full $400.00 filing fee.

Northern District of Indiana, where petitioner was convicted, reflect that he has accumulated more than three "strikes" for bringing civil cases that have been dismissed as frivolous. See Doc. 4 in *Fagan v. Reynolds*, Case No. 06-cv-777 (N.D. Ind., Order of Dec. 11, 2006). Therefore, he cannot bring a new civil rights action *in forma pauperis* while he remains a prisoner, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Based on the contents of petitioner's pleadings in this case, he can make no such showing as to this claim. Thus, if he were to re-file the instant claim as a *Bivens* action, he would be required to pre-pay the filing fee of $400.00 in full. Further, the claim would be subject to a merits review under 28 U.S.C. § 1915A, and would be subject to dismissal if it fails to state a constitutional claim upon which relief may be granted.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to the claim being re-filed as a civil rights action.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP,[2] he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his

---

[2] The "three strikes" restrictions on leave to proceed IFP do not apply in an appeal from a habeas action.

appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability in this § 2241 action. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: June 28, 2013**

David R. Herndon
2013.06.28
09:29:23 -05'00'

**Chief Judge**
**United States District Court**